```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION

JOAN M. YOUNG,                      )
                                    )
      Plaintiff,                    )
                                    )    NO.  1:11-cv-0105
              v.                    )    Judge Sharp/Bryant
                                    )    Jury Demand
PATRICK R. DONAHOE,                 )
Postmaster General,                 )
U.S. Postal Service,                )
                                    )
      Defendant.                    )

TO:  The Honorable Kevin H. Sharp
```

### Report and Recommendation

Defendant Patrick R. Donahoe, Postmaster General of the United States, by and through the United States Attorney for the Middle District of Tennessee, has filed a motion to dismiss this action before the court pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(1), and 12(b)(6). (Docket Entry No. 125). Plaintiff, Joan M. Young, filed a response in opposition. (Docket Entry No. 128).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendant's motion to DISMISS be DENIED.

# I. Statement of the Case

Plaintiff's Amended Complaint (Docket Entry No. 6) is fifty-nine pages long. The entire series of facts does not need to be recounted for the purposes of this motion. Plaintiff was an employee for the United States Postal Service in Columbia, Tennessee ("Agency"), employed as a Rural Route Carrier beginning in 1993.

In violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Americans with Disabilities Act, Plaintiff alleges Agency discriminated against her on the basis of physical disability, mental disability, and sex and retaliated against her for engaging in protected activities. (Docket Entry No. 6). Plaintiff began an action through USPS's Equal Employment Opportunity (EEO) complaint process based on alleged discriminatory actions taken by Agency, and this administrative process began on June 29, 2006. These proceedings were based on events primarily arising on and after April 1, 2006.

An Administrative Judge ("AJ") issued a decision on August 9, 2007, found no discrimination against Plaintiff, but did not allow Plaintiff the opportunity for a hearing. The Equal Employment Opportunity Commission (EEOC) reversed the AJ's opinion, remanded the case to the EEOC Miami Hearings Unit, and required a hearing. The Miami Unit held a two-day hearing on

November 18 and 19, 2010.  Ultimately, the AJ, on the basis of the hearing, found no discrimination against Plaintiff, but he determined that Agency did reveal Plaintiff's confidential medical information to at least one employee who should not have been given that information.

Plaintiff again appealed the decision, and the EEOC's opinion affirmed the AJ's findings.  Based on the finding that the Agency improperly revealed confidential information, the EEOC required Agency to provide four hours of EEO training to supervisory staff, post a notice of this violation at Agency's place of business, and report its compliance with these requirements to the EEOC.  The EEOC issued its opinion and order on October 3, 2011.

Plaintiff then filed this civil complaint in the United States District Court for the Middle District of Tennessee on December 15, 2011 (Docket Entry No. 1), and an amended complaint was filed on January 3, 2012. (Docket Entry No. 6).  Plaintiff now seeks a de novo review of the facts before this court.

Defendant has filed a motion to dismiss the complaint. (Docket Entry No. 125).  First, Defendant argues that portions of this action are not subject to review because Plaintiff has not exhausted administrative remedies; thus, Plaintiff cannot establish that this court has subject matter jurisdiction over

the case, and the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  Second, Defendant argues that Plaintiff's complaint has failed to state a claim on which relief can be granted because Plaintiff seeks a partial de novo review in violation of settled precedent, and the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Last, Defendant argues Plaintiff's pleading violates Federal Rules of Civil Procedure 8(a)(2), (d)(1) for failing to make a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct," so this action should be dismissed.  (Docket Entry No. 126).

Plaintiff opposed Defendant's motion to dismiss. (Docket Entry No. 128).  However, her response contains relatively little legal argument to the points Defendant raised in his motion to dismiss.  Instead, she largely reverts to arguments made concerning Plaintiff's "Motion for a Ruling on Time Limits" (Docket Entry No. 9), which was previously denied by the undersigned Magistrate Judge.  (Docket Entry No. 16).

## II.  Standard of Review

### a. Lack of Subject Matter Jurisdiction:  FRCP 12(b)(1)

Rule 12(b)(1) motions to dismiss fall into two categories:  facial attacks and factual attacks.  Gentek Bldg.

4

Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007) (citing Ohio Nat'l Life Ins. Co. v. U.S., 922 F.2d 320, 325 (6th Cir. 1990)).  A facial attack "is a challenge to the sufficiency of the pleading itself" and "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party."  United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994) (citing Scheuer v. Rhodes, 416 U.S. 232, 235-37 (1974)).  On the other hand, a factual attack does not challenge the sufficiency of the pleading, but the factual existence of subject-matter jurisdiction.  Ritchie, 15 F.3d at 598.  Defendant here makes a facial attack on the court's subject matter jurisdiction over Plaintiff's claims.

  **b. Failure to State a Claim Upon Which Relief Can Be Granted: FRCP 12(b)(6)**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations.  Id.  Although Federal Rule of Civil Procedure 8(a)(2) requires merely

"a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible, not merely possible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formalistic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

   **c. Failure to Set Out a Short and Plain Statement of the Claim:  FRCP 8(a)(2), (d)(1)**

Failing to comply with Rules 8(a)(2), (d)(1) potentially subjects Plaintiff's complaint to dismissal under Rule 12(b)(6). See Twombly, 550 U.S. 555-56. While no Sixth Circuit case law is directly on point, the Supreme Court has stated that Rule 8(a)(2) is a threshold requirement, and complaints that do not allege enough facts should be dismissed. Id. At a minimum, therefore, the Plaintiff must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct. No technical form is required," Fed. R. Civ. P. 8(d)(1).

On the other hand, a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), but "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008).

### III. Analysis
#### a. Failure to Exhaust Administrative Remedies

Defendant argues that on the face of the amended complaint, Plaintiff has failed to exhaust administrative remedies for certain facts that take place outside the scope of the underlying EEO complaints. (Docket Entry No. 126). In other words, according to Defendant, some facts Plaintiff alleges cannot now be brought as a cause of action in a district court because the administrative process was not exhausted as required by law; therefore, Defendant seeks dismissal for a lack of subject matter jurisdiction.

Defendant notes several complaints that Plaintiff filed through Agency's EEO process including complaints dated

July 1, 1996, August 21, 1996, and August 4, 1997. (Docket Entry No. 126). For each of these, either the Agency reached a final decision that was not appealed properly or Plaintiff abandoned the claim.

Before filing a claim of discrimination in a district court, a Plaintiff generally must exhaust administrative remedies. See Benford v. Frank, 943 F.2d 609, 612 (6th Cir. 1991); see also Valentine-Johnson v. Roche, 386 F.3d 800, 811 (6th Cir. 2004) ("Requiring the exhaustion of administrative remedies prior to filing suit in district court is . . . a generally accepted principle."). If a plaintiff abandons a claim without exhausting these remedies, he has forfeited the opportunity to seek review by a federal court. See Vinieratos v. U.S., Dep't of Air Force Through Aldridge, 939 F.2d 762, 772 (9th Cir. 1991) ("These cases stand for the eminently logical proposition that an administrative exhaustion rule is meaningless if claimants may impede and abandon the administrative process and yet still be heard in the federal courts"). Additionally, 29 C.F.R. § 1614.407(a), (c) requires a civil action to be filed within 90 days of a final agency action.

Therefore, the undersigned agrees with Defendant that Plaintiff cannot seek relief in district court upon claims with respect to which Plaintiff has not exhausted her administrative

remedies, including any claim of discrimination arising from the events which resulted in Plaintiff's administrative complaints dated July 1, 1996, August 21, 1996, and August 4, 1997. However, inasmuch as Plaintiff has clarified that her allegations with respect to these unexhausted claims are supplied merely as background information, and not as support for any independent claim for relief (Docket Entry No. 128 at 15-18), the motion to dismiss "possible claims at ¶¶ 25-197 of the amended complaint" (Docket Entry No. 126 at 8) is a nullity.

### b. Partial de novo Review

Second, Defendant argues that Plaintiff seeks a de novo review while treating the EEOC's favorable findings as binding, effectively asking this court for a partial de novo trial. Since the statute and regulations do not permit this partial approach, but contemplate review of the final agency action *in toto*, 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.503(g), Plaintiff has, according to Defendant, failed to state a claim.

It is true Plaintiff appears to seek de novo review of her discrimination claims while, at the same time, desiring to preserve the EEOC's findings of violations that relate to the release of her confidential medical information. The Supreme Court has determined that 42 U.S.C. § 2000e-16(c) grants a right

of de novo review of final agency action to federal employees. Chandler v. Roudebush, 425 U.S. 840, 862 (1976) ("[T]here is 'specific statutory authorization' of a district court 'civil action,' which both the plain language of the statute and the legislative history reveal to be a trial de novo." (citations omitted)). Circuit Courts of Appeals other than the Sixth Circuit have specifically held that a Plaintiff may not, after exhausting administrative remedies, request only a partial de novo review. Massingill v. Nicholson, 496 F.3d 382, 384-385 (5th Cir. 2007); Laber v. Harvey, 438 F.3d 404, 423-24 (4th Cir. 2006) (citing cases); Timmons v. White, 314 F.3d 1229, 1233 (10th Cir. 2003) (holding that "a plaintiff seeking relief under § 2000e-16(c) is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the [employing agency] on the issues resolved in his or her favor."). Lacking any authority on this issue from the Sixth Circuit, the undersigned Magistrate Judge is persuaded by these other circuit court decisions, and would conclude that Plaintiff may not seek only a partial trial de novo, were it clear that Plaintiff in fact desired to so limit the court's review.

However, nowhere does Plaintiff expressly ask this court to only partially review the facts underlying the EEOC's determination. Plaintiff may have indicated she wished the

10

EEOC's findings to be binding in this court concerning Agency's improper revelation of confidential medical information, but she never expressly disclaimed the scope of her lawsuit as not implicating the aforementioned findings.  Additionally, the fact she filed this suit precludes her right to sue to enforce any portion of the EEOC's order; the statute and regulations permit either a petition to enforce or de novo review, as Plaintiff recognizes.  (Docket Entry No. 128 at 20)  By this action, Plaintiff has sought de novo review of all Agency action subject to the EEOC proceedings, including the determination that Agency improperly revealed confidential information.

Therefore, the undersigned finds that Plaintiff has stated a claim upon which relief can be granted, and the Defendant's motion to dismiss should be denied.

### c. "Shotgun" Pleading

Finally, Defendant quotes case law from the Eleventh Circuit that says, "A shotgun pleading where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' fails to comply with Rule 8(a)(2) standards."  Docket Entry No. 126 (quoting Anderson v. Dist. Bd. of Trustees of Central Florida Cmty. College, 77 F.3d 364, 366-67 (11th Cir. 1996)).  It is not denied that "Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways" including being "a massive

waste of judicial and private resources." PVC Windoors, Inc. v. Babbitbay Beach Const., 598 F.3d 802, 806 n.4 (11th Cir. 2010).

However, pro se litigants are afforded a more generous construction of their complaints because they are held to a less stringent standard. Erickson, 551 U.S. at 94. The Plaintiff's pleading should not be held against her because it is voluminous, inartful, and not as "short and concise" as the Defendant and the court would prefer. Fed. R. Civ. P. 8(a)(2). She is a pro se litigant, and she is entitled to a more lenient standard.

It is not even established that plaintiff's complaint is actually a "shotgun" pleading. It is apparent from reading Plaintiff's complaint which "allegations of fact are intended to support which claim(s) for relief," Anderson, 77 F.3d 366-67, though irrelevant detail may have been included that makes the determination more difficult. However, even if Plaintiff's Amended Complaint is considered a "shotgun" pleading, Defendant has not cited, nor is the undersigned aware of, any Sixth Circuit precedent that permits dismissal of a "shotgun" pleading without allowing the plaintiff to replead her case. On the contrary, at least one district court in the Sixth Circuit has explicitly said that "shotgun" complaints should not be dismissed. Fleming v. Michigan, No. 09-11795, 2010 WL 931925, at *8 (E.D. Mich. March 11, 2010); Foster v. Argent Mortg. Co.,

L.L.C., No. 07-cv-11250-DT, 2008 WL 5244383, at *5, *8 (E.D. Mich. Dec. 16, 2008).  See also Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1275 (11th Cir. 2006).

Therefore, the undersigned Magistrate Judge concludes that Defendant's motion to dismiss on the basis that Plaintiff's complaint, as amended, fails to comply with Rules 8(a)(2), (d)(1) should be denied.  Alternatively, "Defendant requests that . . . the Court require Plaintiff to amend the Amended Complaint to comport with the requirements of Rule 8(a)(2), (d)(1)."  (Docket Entry No. 11).  This request should also be denied, because Plaintiff's amended complaint has not been determined to violate Rules 8(a)(2), (d)(1).

### IV.   Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to DISMISS filed on behalf of defendant Donahoe be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed to this Report in which to file any responses to said objections.  Failure to file specific objections within **14 days**

of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

**ENTERED** this 8th day of July, 2013.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE
