UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOAN M. YOUNG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11-0105 |
| | ) Judge Sharp |
| PATRICK R. DONAHOE, Postmaster | ) |
| General, United States Postal Service, | ) |
| | ) |
|     Defendant. | ) |

# MEMORANDUM

This opinion addresses the following outstanding filings in this case:

## A. Motion to Object to Recent Orders From the Court and Subsequent Motion for Reconsideration

In this Motion, Plaintiff objects to two Orders that have been entered in this case; one by the undersigned, and the other by Magistrate Judge Bryant. In the first, the Court entered an Order on October 23, 2012, that reads:

> On August 30, 2012, the Court stayed this case pending a decision by the U.S. Court of Appeals (Docket Entry No. 97). On October 17, 2012, the U.S. Court of Appeals entered order denying the petition for a writ of mandamus. As a result, the stay is lifted and the case is returned to the Magistrate Judge for further case management.

(Docket No. 109). Plaintiff challenges this Order for a variety of reasons.

Plaintiff claims that no stay was entered by virtue of Judge Campbell's ruling (Docket No. 97) because he was purportedly "lying" (Docket No. 114 at 2) when he wrote that Judge Haynes had previously entered a stay in this case. Contrary to Plaintiff's opinion, Judge Haynes' handwritten marginal Order can properly be interpreted as granting a stay because, in response the Government's

1

Third Motion for Extension of Time (Docket No. 51 at 2), which requested all deadlines be stayed pending a decision by the United States Court of Appeals for the Federal Circuit, or that it be granted fourteen days within which to file a responsive pleading, Judge Haynes wrote "Motion GRANTED." (Docket No. 54).

Plaintiff also argues this Court's Order created confusion because it references denial of Plaintiff's writ of mandamus, but Judge Campbell's "imaginary stay" (Docket No. 114 at 14) contemplated a ruling by the Federal Circuit. Even if this were so – and the undersigned cannot "ke[ep] his courts straight" (id.) as Plaintiff claims – the Sixth Circuit, in denying Plaintiff's petition for mandamus, "not[ed] that the Federal Circuit has issued an opinion and judgment in Young's appeal, making it likely that the district court proceedings in the instant case will resume soon." (Docket No. 108 at 2). This prediction was spot-on, as the Court removed the stay and returned the case to Magistrate Judge Bryant for further case management.

The referral of the case back to Magistrate Judge Bryant prompts yet another objection to this Court's Order: Plaintiff did not consent to his handling this case. Leaving aside that the same objection has previously been overruled by Judge Campbell, the Sixth Circuit, in its ruling on Plaintiff's request for mandamus, specifically stated "that a district court may—without consent of the parties—properly refer case management and all nondispositive pretrial motions to a magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure" (id. at 3), and cited for that proposition Holt-Osted v. City of Dickson, 641 F.3d 230, 234 (6th Cir. 2011). Although Plaintiff challenges the Sixth Circuit's reading of its own precedent, that challenge gets nowhere in this Court because it is bound not only by the law of the case, but also by controlling precedent in the form of Holt-Osted.

2

As for Magistrate Judge Bryant's Order, Plaintiff objects because she has not consented to a Magistrate Judge handling any matters in this case, an objection which fails for the reasons just expressed. She also claims to have "zero faith, trust and confidence in Magistrate Judge Bryant's ability to manage this case." (Docket No. 114 at 13). Plaintiff's feelings are certainly not shared by this Court and are of no moment as Magistrate Judge Bryant has been designated to handle the pretrial matters in this case.

This Motion to Object will be denied.

**B. Motion to Object to Recent Orders From the Court (Docket Nos. 117 and 119) and Subsequent Motion for Reconsideration**

The two Orders that are the subject of this Motion are a Scheduling Order (Docket No. 117) and an Order (Docket No. 119) setting the case for trial. Despite the fact that these are nothing more than routine Orders entered in virtually civil case, Plaintiff finds reasons to challenge both, leveling a wide range of criticism.

Just by way of example, Plaintiff takes issue with how the case management conference was handled because, when she arrived at court, an "Initial Case Management Order" was lying on her table that listed the Government's theory of the case, but left her's blank, proposed a "target trial date," and Magistrate Judge Bryant issued the Scheduling Order the same day as the conference. According to Plaintiff, "[t]his seemed as if *ex parte* had taken place" but she cannot prove it because "she does not have access to high-tech spying equipment." (Docket No. 122 at 2). Plaintiff believes she is being "railroaded," and asserts "that the sad fact remains that this Court continues to run interference for Ms. Maynor-Vaulcon, in the U.S. Attorney's office, in order to protect the financial interest of the Defendant and his company: the United States." (Id. at 4).

There is nothing untoward about one side preparing the proposed case management order

3

and presenting it to the other side for that side to insert his or her contentions. After all, Plaintiff's theory of the case is hers and hers alone, and the Government cannot be expected to divine that theory. Nor is it amiss for the proposed order to contain a projected trial date or for a Scheduling Order to promptly issue. The whole purpose of the initial case management conference is to set various deadlines and an ultimate date for trial.

Plaintiff also raises objections to Magistrate Judge Bryant's authority to handle this case. Those objections are meritless; they have been aired too often, and ruled upon more times than necessary.

Plaintiff further complains about the Government being "allowed to get away with" repeated defaults, a theme which appears in many of Plaintiff's other filings as well. According to Plaintiff, the Government "has been in default status since February 14, 2012," (Docket No. 122 at 8) prompting her to file a "Motion for Ruling on Time Limits." That Motion was denied as moot, and her claim that the Government was in default as of February 14, 2012, neglects to consider that the Government has been given several extensions of time within which to answer or otherwise respond. As a consequence, Plaintiff's various requests for the entry of default have been repeatedly denied. While Plaintiff may disagree with those rulings, and while she may not be pleased that the Government has been granted extensions, those are the Orders of the Court, she needs to accept them as such, and she needs to move on.

This Motion to Object will also be denied.

### C. **Motion for Ruling**

In this Motion, Plaintiff asks the Court to issue a "final decision" in this matter in her favor. In support she again raises the worn-out argument that the Government is being allowed to get away

4

with something by not having filed an answer to the Complaint. She also argues that she has been subjected to a "myriad [of] nonsensical and biased decisions which have been handed down by Magistrate Judge John S. Bryant, and District Court Judges' [sic] Aleta A. Trauger, William J. Haynes, Jr. and Todd J. Campbell." (Docket No. 123 at 6). Plaintiff "is firmly convinced that there is collusion being perpetuated between this Honorable United States District Court and the United States Attorney's office in Nashville, Tennessee to protect the financial interest of the flagging United States Postal Service." (Docket No. 123 at 7).

Effrontery aside, these are spurious accusations. In any event, Plaintiff has not established that she is entitled to a final judgment in her favor.

This Motion will be denied.

### D. **Motion to Dismiss, Report and Recommendation, and Objections Thereto**

The Government has filed a Motion to Dismiss, arguing that the Amended Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6), that this Court is without jurisdiction over some of Plaintiff's claims under Fed. R. Civ. P. 12(b)(1), and that the Complaint is not the "short and plain statement" contemplated by Fed. R. Civ. P. 8(a)(2). The Magistrate Judge has entered a Report and Recommendation, recommending that the Government's Motion to Dismiss be denied in its entirety.

The only objection raised by the Government is the Magistrate Judge's recommendation that the Complaint not be dismissed as a "shotgun" pleading, and his failure to recommend, in the alternative, that Plaintiff be required to again amend her Complaint. Upon *de novo* review, the Court agrees with the recommended disposition.

With regard to Rule 8(a), the Government argues that Plaintiff's Amended Complaint "is a

5

prototypical shotgun pleading riddled with ramblings, immaterial factual allegations and legal conclusions." (Docket No. 126 at 9-10). The Amended Complaint at 59 pages is far longer than it needs to be, but, as Magistrate Judge Bryant observed, Plaintiff is proceeding *pro se* and is entitled to latitude because of that status. Moreover, and as Magistrate Judge Bryant also pointed out, the Amended Complaint, though lengthy, is not the typical "shotgun" pleading because one can discern which allegations of fact are intended to support the claims for relief. The Court has no doubt that, with some effort, the Government can properly respond to the Amended Complaint, particularly since the rules specifically contemplate that if a party lacks knowledge or information about the truth of an allegation, it may so state. Fed. R. Civ. P. 8(b)(5). The Government's objection to the R & R will be overruled.

Plaintiff, too, has filed objections to the R & R even though she survived the motion to dismiss. She finds the recommended denial to be a "hollow pyrrhic victory," in light of the Court's "refusal to acknowledge the '800 pound gorilla' in the room." (Docket No. 152 at 1). The purported gorilla in the midst, of course, is the fact that the Government has yet to file an Answer and this Court purportedly has assisted the Government in dragging its feet. Plaintiff also picks apart both the R & R and the Government's arguments, raising a number picayune observations, none of which go the issue of whether the recommended disposition is correct. The Court finds that it is, and Plaintiff's objections will be overruled.

### E. Summary

An appropriate Order denying the pending Motions, overruling the objections, and approving the R & R will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE